# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEONARDO CASANOVA MONTERO,

        Petitioner,

vs.                                                                                                                              No. CIV 01-1264 JP/WWD

ERASMO BRAVO, Warden, et al.,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      1.     THIS MATTER comes before the Court on Respondents' Motion to Dismiss Petition (Doc. 10) filed on December 13, 2001. Petitioner, who is proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on November 6, 2001(Doc. 1).

      2.     On January 6, 2000, the state district court entered judgment, sentence and commitment on Mr. Montero's convictions for the offenses of trafficking of cocaine and conspiracy to commit trafficking of cocaine. See Ans., Ex. A. Mr. Montero's convictions became final on April 23, 2001, 90 days after denial of certiorari by the state supreme court. See Sup.Ct. R.13. The one-year limitations period for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254 started to run on that date. I note that this petition was filed well within the limitations period.

      3.     The Court reads Mr. Montero's petition as raising the following issues: (Claim One) whether the state court has the authority to include "banishment" as part of Petitioner's sentence; (Claim Two) whether the evidence presented at trial was sufficient for purposes of

conviction; (Claim Three) whether the jury instructions provided at trial violated due process[1];
and (Claim Four) whether Petitioner's convictions for conspiracy and for aiding and abetting
trafficking violated the double jeopardy clause.[2]

*Exhaustion*

4. Respondents concede that Petitioner has exhausted Claims One and Two of his petition. However, Respondents contend that Claim Three is not exhausted. See Ans. ¶ 3.

5. Petitioner has not presented the allegations contained in Claim Three in state court. Although the New Mexico Court of Appeals referred to some of the jury instructions in its decision, the court addressed these instructions in the context of Petitioner's challenge regarding the sufficiency of the evidence, not in response to a claim based on the constitutionality of the jury instructions themselves. See Ans., Ex. I at 3-4. Moreover, there is no evidence that Petitioner challenged the validity of any jury instruction through either a direct appeal in state court or through a state habeas corpus petition.

6. Under the doctrine of exhaustion, a state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court. See Picard v. Connor,

---

[1] Petitioner listed the following assertions as "supporting facts" for Claim Three: a) the jury was not instructed that the prosecution must prove all elements beyond a reasonable doubt, b) the jury was not instructed regarding the presumption of innocence, c) the jury instructions "may have suggested" that the prosecution need not prove intent, and d) "[t]he Jury was instructed under U.J.I. 14-2822 [aiding or abetting] and U.J.I. 14-3103 NMRA 2000 [distribution]" and Petitioner further asserted that "[p]ossession is a necessarily included offense to the crime of distribution." Pet. at 9, 9 cont.

[2] Petitioner raised the double jeopardy issue as part of his challenge to jury instructions in Claim Three. However, Mr. Montero's allegations regarding his convictions for conspiracy and aiding and abetting trafficking do not appear to challenge any jury instructions, thus the Court reads these allegations as constituting a separate claim (Claim Four).

404 U.S. 270, 275 (1971); Hernandez v. Starbuck, 69 F.3d 1089, 1092-93 (10th Cir. 1995). The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them. Picard, 404 U.S. at 275. In this case, the New Mexico state courts have not been fairly presented with an opportunity to consider whether any jury instructions were unconstitutional, as alleged in Mr. Montero's petition. Thus, Respondents correctly point out that Petitioner has failed to exhaust Claim Three.

*Procedural Default*

7. Respondents do not assert procedural default as a ground for dismissal of Claim Three. Moreover, because Petitioner raises issues in Claim Three that were not previously raised in state court, no state court has ruled on the merits of this claim or determined whether Petitioner is procedurally barred from raising such a claim.

8. In most cases, Petitioner would be procedurally barred from raising the issues presented in Claim Three because the general rule in New Mexico bars review of questions not properly preserved below. See State v. Osborne, 111 N.M. 654, 662, 808 P.2d 624, 632 (1991); see also State v. Gillihan, 86 N.M. 439, 440, 524 P.2d 1335, 1336 (1974) (explaining that a prisoner waives contentions raised in post conviction proceedings if they were not previously raised on appeal). However, an exception to the general rule "applies in cases which involve fundamental error." Osborne, 111 N.M. at 662, 808 P.2d at 632; see also Gillihan, 86 N.M. at 440, 524 P.2d at 1336.

9. Construed liberally,[3] Petitioner's allegations in Claim Three may describe

---

[3] The Court construes Mr. Montero's pro se pleadings liberally. See Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

fundamental error as that doctrine is applied in the context of jury instructions. See, e.g., Walker v. Gibson, 228 F.3d 1217, 1235-36 (10th Cir. 2000), abrogated on other grounds by, Neill v. Gibson, 2001 WL 1584819 (10th Cir. Dec. 7, 2001) (holding that the presumption of innocence is a basic component of a fair trial); State v. Mascarenas, 2000-NMSC-017, ¶ 21, 4 P.3d 1221, 1227 (finding fundamental error where trial court failed to adequately define criminal negligence); Osborne, 111 N.M. at 661-62, 808 P.2d at 63-32 (finding fundamental error where error in instruction involved an essential element of an offense); Jackson v. State, 100 N.M. 487, 672 P.2d 660 (1983) (finding fundamental error when outdated second degree murder instruction given).

10. Thus, while Mr. Montero's allegations of erroneous jury instructions appear to be precluded from state review under New Mexico's general rule, it is not clear that a state court would find Mr. Montero's allegations procedurally barred under the doctrine of fundamental error. The issue is further complicated given that no state court has had a meaningful opportunity to consider and rule on the merits or the procedural posture of Petitioner's allegations contained in Claim Three. Moreover, Respondents do not assert or argue that Petitioner's allegations are procedurally barred. Under these circumstances, where it is not clear that state review is foreclosed and in the interest of comity, Petitioner's Claim Three should be dismissed without prejudice so that he may first pursue and exhaust that claim in state court. See e.g., Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists); Burgin v. Broglin, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, better course is to require petitioner to explore possibility that state remedies exist).

*Mixed Petition*

11.     However, Mr. Montero's petition is "mixed," because it contains both exhausted and unexhausted claims. A petition containing an unexhausted claim is subject to dismissal. Rose v. Lundy, 455 U.S. 509, 520-21 (1982). "The Tenth Circuit has held specifically that a district court must dismiss an entire mixed petition rather than dismissing only the unexhausted claims."Aragon v. Shanks, (Table, text in Westlaw), 185 F.3d 873, 1999 WL 448815 (10th Cir. Jul. 2, 1999) (unpublished) (citing Harris v. Champion, 48 F.3d 1127, 1131, 1133 (10th Cir.1995) (disapproving dismissal of unexhausted claims only and clarifying that "a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim")) .

12.     Because Mr. Montero's petition contains both exhausted and unexhausted claims, the entire petition should be dismissed without prejudice so that Petitioner will have the opportunity to pursue the unexhausted claim in state court. However, Mr. Montero has a choice to make. He may choose to proceed with his petition containing only Claims One, Two and Four, and risk losing the opportunity to present his unexhausted Claim Three at a later date. See Tapia v. LeMaster, 172 F.3d 1193, 1195 (10th Cir. 1999) (petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition) (citing Rose, 455 U.S. 509 (1982)). Or, Mr. Montero may choose to pursue Claim Three in state court, thus delaying his habeas petition altogether and bearing in mind that the one-year statute of limitation still applies to <u>all</u> of the claims in his petition, including those that have been exhausted. See Rose, 455 U.S. at 521(cited in Clark v.

Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993)).

13.     If Petitioner wishes to proceed with the underlying petition solely on Claims One, Two and Four, he may so notify the Court within the 10-day period allotted for the filing of objections to these findings, in order to avoid re-filing the petition following the order of dismissal. If Petitioner does not notify the Court that he wishes to withdraw Claim Three and proceed with his remaining claims, his petition will be dismissed without prejudice to allow Petitioner to pursue his unexhausted claim in state court.

## Recommendation

I recommend that Respondents' Motion to Dismiss Petition (Doc. 10) be granted and that this cause be dismissed without prejudice on grounds of nonexhaustion of claims.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. ¶ 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE